# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ALEX GUNARIS** <br> *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> **RURAL KING HOLDING CO.** <br> c/o Ron Davis <br> 4216 Dewitt Avenue <br> Mattoon, Illinois 61938 <br><br> -and- <br><br> **RURAL KING ADMINISTRATION, INC.** <br> c/o Ron Davis <br> 4216 Dewitt Avenue <br> Mattoon, Illinois 61938 <br><br> -and <br><br> **RURAL KING REALTY, LLC** <br> c/o Ron Davis <br> 4216 Dewitt Avenue <br> Mattoon, Illinois 61938 <br><br> -and- <br><br> **NORWALK RURAL KING SUPPLY, INC.** <br> c/o CSC <br> 50 W. Broad St., Suite 1330 <br> Columbus, Ohio 43215 <br><br> Defendants. | CASE NO. <br><br> JUDGE <br><br> MAGISTRATE JUDGE |

### PLAINTIFF'S CLASS ACTION COMPLAINT
**(With Jury Demand)**

Plaintiff Alex Gunaris, by and through counsel, brings this action on behalf of himself and all others similarly situated against Defendant Rural King Holding Co., Defendant Rural King Administration, Inc., Defendant Rural King Realty, LLC, and Defendant Norwalk Rural King Supply, Inc. (collectively "Rural King"), and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action under Section 621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(a), on behalf of himself and all others similarly situated to obtain monetary and other equitable relief from Rural King for engaging in acts and practices violating the FCRA.

2.      The FCRA prescribes the manner in which employers may procure and use background checks, as well as the information that a Consumer Reporting Agency ("CRA") may include in a background check. The Congress intended the FCRA to promote fairness in employment and to safeguard privacy rights.

3.      There has been a dramatic increase in the use of background checks by employers, landlords, and insurers, due in part to an increase in the number of computerized records and a corresponding decrease in the cost of obtaining such records. According to a study conducted by the Society for Human Resources Management (SHRM), more than 80 percent of employers report conducting background checks on their job applicants and employees.

4.      Despite the increase in the use of background checks by employers, the Federal Trade Commission and the Consumer Financial Protection Bureau have found rampant error rates in consumer reports. Identity theft, sloppy business practices, and other mistakes also contribute to inaccurate reports—errors that can cost individuals jobs, housing, and other financial opportunities.

5. The FCRA imposes numerous regulations around the use and content of consumer reports in the employment context to ensure workers are treated fairly. In fact, the FCRA requires notice to be given to the consumer before any adverse action is taken by an employer, if the employer's action is based on the content of a consumer report. The purpose of this requirement, and others like it, is to ensure that workers have an opportunity to correct errors before adverse employment decisions are made on the basis of the contents of a background check.

6. Despite this, Rural King has a practice of taking adverse employment actions before providing notice to workers, in violation of the FCRA.

7. Plaintiff brings this action to stop Rural King from its continued violations of the FCRA.

## PARTIES

8. Plaintiff Alex Gunaris is a natural person over the age of 18 and was at all relevant times an Ohio citizen and a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Defendant Rural King Holdings Company is an Illinois corporation with its principal place of business in Mantoon, Illinois. Defendant Rural King Holdings Company is and was at all relevant times a person as defined by 15 U.S.C. § 1681a(b).

10. Defendant Rural King Administration, Inc. is an Illinois corporation with its principal place of business in Mantoon, Illinois. Defendant Rural King Administration, Inc. is and was at all relevant times a person as defined by 15 U.S.C. § 1681a(b).

11. Defendant Rural King Realty, LLC is an Illinois limited liability company with its principal place of business in Mantoon, Illinois. Defendant Rural King Realty, LLC is and was at all relevant times a person as defined by 15 U.S.C. § 1681a(b).

12. Defendant Norwalk Rural King Supply, Inc. is an Illinois corporation with its principal place of business in Mattoon, Illinois. Defendant Norwalk Rural King Supply, Inc. is and was at all relevant times a person as defined by 15 U.S.C. § 1681a(b).

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over this action pursuant to by 15 U.S.C. § 1681p and 29 U.S.C. § 1331. This Court has personal jurisdiction over Defendants because they conduct business in the State of Ohio and in this District and avails themselves of the protections of the laws of the State of Ohio.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and because Defendants conduct business in this District.

## FACTUAL ALLEGATIONS
### Rural King's Obligations Under the FCRA

15. The FCRA was enacted in 1970, became effective on April 25, 1971, and has been in force since that date.

16. Under Sections 604(b)(3) of the FCRA, 15 U.S.C. § 1681b(b)(3), any person who uses an individual's consumer report for "employment purposes" and, based in whole or in part on the report, takes "adverse action" with respect to that individual, must send notices to the individual before taking the adverse action that includes certain specified information and documents.

17. The term "adverse action" is defined by Section 603(k) of the FCRA, 15 U.S.C. § 1681a(k), to include, *inter alia*, "a denial of employment or any other decisions for employment purposes that adversely affects any current or prospective employee." Under Section 603(h) of the FCRA, 15 U.S.C. § 1681a(h), the term "employment purposes" means "for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee."

18. Pursuant to Section 604(b)(3) of the FCRA, 15 U.S.C. § 1681b(b)(3), the notice provided to the individual prior to the adverse action (the "pre-adverse action notice") must include copies of (1) the consumer report upon which the decision is based, and (2) the Summary of Consumer Rights Under the FCRA, 16 C.F.R. Part 698, Appendix F.

19. Any person that negligently fails to comply with those requirements is liable for actual damages, litigation costs, and attorneys' fees. 15 U.S.C. § 1681o. In addition, any person that willfully fails to comply is liable for statutory damages of at least $100 but not more than $1,000 to each consumer injured, and for punitive damages. 15 U.S.C. § 1681n.

### Rural King's Unlawful Business Practices

20. On or about March 20, 2016, Plaintiff applied for a job with Rural King at one of its retail stores in Norwalk, Ohio.

21. On or about March 20, 2016, Rural King interviewed Plaintiff and offered him employment subject to the results of a background investigation and a drug screen, which Plaintiff accepted.

22. Rural King placed Plaintiff on its work schedule, which indicated that Plaintiff's first day of employment was March 26, 2016.

23. On or about March 25, 2016, Plaintiff received a telephone call from Rural King informing him that, based upon the results of his background investigation, Rural King was withdrawing its offer of employment.

24. Rural King did not send Plaintiff the required pre-adverse action notice as required by the FCRA.

25. The background investigations obtained by Rural King are used in determining whether to hire or retain employees, and thus are consumer reports obtained for "employment purposes" within the meaning of Section 603(h) of the FCRA, 15 U.S.C. § 1681a(h).

26. Rural King's decision not to allow Plaintiff to begin employment was an "adverse action" within the meaning of Section 603(k) of the FCRA, 15 U.S.C. § 1681a(k).

27. Rural King's failure to provide Plaintiff with a pre-adverse action notice prior to taking the adverse action violated Section 604(b)(3) of the FCRA, 15 U.S.C. § 1681b(b)(3).

28. At all times pertinent hereto, the conduct of Rural King, as well as its agents, servants, and/or employees was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and Plaintiff's rights.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and all other similarly situated consumers pursuant to Fed. R Civ. P. 23 and seeks certification of the following class:

> All natural persons within the United States who, during the five years preceding the filing of this action, were subject to an adverse action by Rural King based in whole or in part on information contained in a consumer report, without receiving a copy of the consumer report prior to the adverse action, as required by 15 U.S.C. § 1681b(b)(3)(A)(i).

30. Plaintiff reserves the right to modify or amend the definitions of the proposed class.

31. Members of the class are so numerous that joinder of all class members is impracticable. The precise number of class members is unknown to Plaintiff and can only be obtained through discovery, however, the numbers are clearly more than can be consolidated in one complaint and impractical for each to bring suit individually. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains many hundreds of members.

32. The individual class members are ascertainable as the names and addresses of all class members can be identified from the business records maintained by Defendants. Plaintiff does not anticipate any difficulties in the management of the action as a class action.

33. Common questions of law and fact exist as to all members of the class that predominate over questions affecting only individual class members. The common legal and factual questions include, but are not limited to, the following:

   a. Whether Rural King violated 15 U.S.C. § 1681b(b)(3) by failing to provide consumers with the required pre-adverse action notice;

   b. whether those violations were negligent, intentional, or willful;

   c. whether Plaintiff and members of the class have been injured and the proper measure of their losses as a result of those injuries; and

   d. whether Plaintiff and members of the class are entitled to other appropriate remedies, including injunctive, declaratory or other equitable relief.

34. Plaintiff's claims are typical of the claims of the members of the class because of the similarity, uniformity, and common purpose of Defendants' conduct. Each class member has sustained, and will continue to sustain injuries in the same manner as a result of Defendants' conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the class. Plaintiff is advancing the same theory of calculating damages on behalf of himself and all members of the class.

35. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in both consumer protection and class litigation.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually. It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if class members could afford such

individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, affords due process to Defendants, and presents no unusual management difficulties under the circumstances here.

37. The class also may be certified because Defendants have acted or refused to act on grounds generally applicable to the class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the class as a whole.

38. Plaintiff is informed and believes, and on that basis alleges, that Rural King's failure to provide him the required pre-adverse action notice and subsequent adverse action notice was not an isolated occurrence, but was the direct result of Rural King's customary business practices. On information and belief, as a matter of nation-wide policy and practice, Rural King regularly fails to provide consumers with the required pre-adverse action notices and subsequent adverse action notices as required by the FCRA.

39. Rural King's practices and procedures described herein affected and continue to affect Plaintiff and other consumers.

40. There is a significant community of interest among the Class members, as there are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.

41. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Rural King's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681b**
**(on behalf of Plaintiff and the Class)**

42. Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

43. Rural King procured consumer reports containing information about Plaintiff and the Class from a consumer reporting agency.

44. Rural King took adverse employment actions against Plaintiff and the Class based in whole or in part on the information contained within those consumer reports.

45. Rural King failed to provide Plaintiff and the Class with a copy of his or her consumer report and a reasonable amount of time to respond prior to taking those adverse employment actions.

46. As a result of Rural King's actions, Plaintiff and the members of the Class have been deprived of their consumer rights and have been prevented from timely and effectively contesting the adverse action.

47. Rural King's failure to timely provide these required pre-adverse action notices to Plaintiff and other members of the Class violated 15 U.S.C. § 1681b(b)(3).

48. Rural King's violation of the FCRA was willful within the meaning of 15 U.S.C. § 1681n. Rural King is therefore liable to Plaintiff and the Class for statutory and punitive damages, litigation costs, and attorneys' fees incurred in the prosecution of this action.

49. In the alternative, Rural King was negligent, entitling Plaintiff individually to recover his actual damages, litigation costs and attorneys' fees under 15 U.S.C. § 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all similarly situated individuals demand judgment against Defendants as follows:

1. Declaring this action to be a proper class action maintainable pursuant to Fed. R. Civ. P. 23 and declaring Plaintiff and their counsel to be representatives of the Class;

2. Statutory damages in an amount not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n and § 1681o; and

5. Declaring that Defendants' conduct violates the FCRA and enjoining such future violations;

6. Such other and further relief as may be just and proper.

Plaintiff also seeks judgment in favor of himself individually for the following:

7. Plaintiff's actual damages, in an amount to be determined by the jury at trial.

        Respectfully submitted,

        **COHEN ROSENTHAL & KRAMER LLP**

        /s/ Joshua B. Fuchs
        Jason R. Bristol (0072989)
        jbristol@crklaw.com
        Joshua R. Cohen (0032368)
        jcohen@crklaw.com
        Joshua B. Fuchs (0087066)
        jfuchs@crklaw.com
        The Hoyt Block Building – Suite 400
        700 West St. Clair Avenue
        Cleveland, Ohio 44113
        216-781-7956 [Telephone]
        216-781-8061 [Facsimile]

        Counsel for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Joshua B. Fuchs
One of the Attorneys for Plaintiff